JORAM RAUCHWERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rauchwerger v. Commissioner
Docket No. 6924-78.
United States Tax Court
T.C. Memo 1981-56; 1981 Tax Ct. Memo LEXIS 690; 41 T.C.M. (CCH) 852; T.C.M. (RIA) 81056; February 11, 1981. Joram Rauchwerger, pro se. Robyn R. Jones, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency of $ 884 in the Federal income tax of petitioner for his taxable year 1974. The issue is whether petitioner had a "tax home" in 1974 when he incurred traveling expenses pursuant to his trade or business of selling portraits. FINDINGS OF FACT At the time the petition herein was filed, petitioner resided at Tulsa, Oklahoma. Petitioner was employed by Chromalloy Photographic Industries, Inc. (Chromalloy) from January 4, 1974, to August 24, 1974, as a "portrait sales consultant." His employment with Chromalloy required him to travel on a predetermined schedule set by Chromalloy to department stores throughout the continental United States *691 in order to deliver pre-paid color portraits to customers and attempt to sell them additional portraits. From January 4 until August 24, 1974, petitioner visited fifty cities assigned to him by Chromalloy located in fifteen different states. Typically, he visited a city for three to five days. He would then travel to the next city where he would again spend several days on business. He maintained this schedule continuously from January 4 to August 24, 1974, with the exception of one week of vacation.
Chromalloy's corporate headquarters are located in St. Louis, Missouri. During 1974, petitioner worked at a Sears and Roebuck department store in the St. Louis, Missouri, area from June 20 to June 27. Petitioner was not present in St. Louis at any other time during 1974. While employed by Chromalloy in 1974, petitioner did not work at any location in Tulsa, Oklahoma. From July 7, 1974, to July 14, 1974, he vacationed in Tulsa. While there, he stayed at the residence of his father, where he stored his belongings during his employment with Chromalloy. Petitioner did not pay or incur any rent or other expense for the use of his father's home in 1974 either for storage of his belongings *692 or for his lodging. Petitioner used his father's residence in Tulsa as his mailing address in 1974 while working for Chromalloy. While he was traveling on business, he also received mail every Monday morning at whatever department store to which he was assigned. For the year 1974, petitioner claimed the following expenses in connection with his travel for Chromalloy on his 1974 Federal income tax return: Lodging
$ 1,931
Meals
2,016
Tips & Baggage Charges
150
Laundry & Cleaning
120
$ 4,217
The Commissioner disallowed this deduction in full and further determined that petitioner received as gasoline expense reimbursement $ 32.93 more than he reported. Petitioner does not dispute the latter determination. On May 11, 1978, we entered our decision in Rauchwerger v. Commissioner,T.C. Memo. 1978-177, a proceeding relating to petitioner's 1973 taxable year and containing an issue similar to the one now before us. OPINION
Section 162 of the Internal Revenue Code of 1954 provides: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses *693 paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; It is somewhat tautological to state that to be "away from home," one must have a "home" to be "away from." As a general rule, a taxpayer's principal place of business is his "tax home." Kroll v. Commissioner,49 T.C. 557 (1968). An employee without a principal place of business may treat a permanent place of residence at which he incurs substantial, continuing living expenses as his tax home. Spson v. Commissioner,49 T.C. 636, 640 (1968). However, where the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away. His home is wherever he happens to be. Rosenspan v. United States,438 F.2d 905 (2d Cir. 1971), cert. denied 404 U.S. 864 (1971), rehearing denied 404U.S. 959 (1971). In the case before us petitioner has failed to demonstrate that he had a *694 permanent tax home from which to be away in 1974. Chromalloy's headquarters in St. Louis, Missouri, does not qualify as petitioner's principal place of business. He visited St. Louis for only one week in 1974 while working at a Sears store there. Petitioner's business was transacted "on the road" in the fifty cities and fifteen states he visited during 1974. Nor is Tulsa, Oklahoma, petitioner's tax home. He maintained no permanent residence nor incurred substantial living expenses there. He was present there only for a one-week vacation while employed by Chromalloy in 1974. He did not have to pay for the use of his father's home there. We are unable to conclude that he had sufficient continuing contacts with Tulsa for it to qualify as his tax home in 1974. Because petitioner had no tax home while working for Chromalloy in 1974, we must sustain the Commissioner's disallowance of his traveling expense deduction. Respondent argues that our decision in Rauchwerger v. Commissioner,T.C. Memo. 1978-177, collaterally estops petitioner from contesting the validity of respondent's determination. In view of our holding above, we need not decide this issue. *695 Decision will be entered for the respondent.